IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Michael Anthony Jones,<br><br>               Plaintiff,<br><br>v.<br><br>Gary R. Herbert et al.,<br><br>               Defendants. | **ORDER & MEMORANDUM DECISION**<br><br><br>Case No. 2:15-CV-41-RJS<br><br>District Judge Robert J. Shelby |

Plaintiff, inmate Michael Anthony Jones, filed this *pro se* civil rights suit, *see* 42

U.S.C.S. § 1983 (2017), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens his

Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further

pursuing his claims.

### A.  Deficiencies in Complaint

Complaint:

(a) possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(b) inappropriately alleges civil-rights violations on a respondeat-superior theory.

(c) does not affirmatively link Defendants to civil-rights violations.

(d) alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(e) states crimes by Defendants must be redressed; however, a federal civil-rights is not the proper place to address criminal behavior.

(f) is in two parts, yet must be presented in one cohesive pleading to be considered.

(g) invalidly brings a "claim" against Judge Tena Campbell of this Court for failing to protect him from unconstitutional application of the law to his claims in an earlier habeas-corpus case in this Court that she dismissed. (*See Jones v. Bigelow*, 2;13-CV-593 TC (D. Utah May 15, 2014) (dismissal order).)

(h) does not identify individual property owned by Plaintiff that has been unconstitutionally taken from him.

(i) is an improper forum for bringing Utah State constitutional claims, considering that pendent jurisdiction has not been established.

## B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by

reference, any portion of the original complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612

(10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named

government employee--did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d

1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is

essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear

exactly who is alleged to have done what to whom.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4

(10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*,

519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her

supervisory position.  *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating

supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of

constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."

*Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24,

2009).

## • *Heck*

The Court concludes that Plaintiff's claims appear to involve some allegations that if true

may invalidate his conviction and/or sentencing.  "In *Heck*, the Supreme Court explained that a §

1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be

maintained unless the conviction has been reversed on direct appeal or impaired by collateral

proceedings."  *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar.

5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it appears it may regarding some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file another amended complaint or a habeas-corpus petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's

instructions, this action will be dismissed without further notice.

DATED this 17th day of April, 2017.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court