IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL ANTHONY JONES,<br><br>            Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>            Defendants. | **MEMORANDUM DECISION &**<br>**DISMISSAL ORDER**<br><br><br>Case No. 2:15-CV-41-RJS<br><br>District Judge Robert J. Shelby |

       Plaintiff, Michael Anthony Jones, has filed with the Court a prisoner pro se civil rights complaint. *See* 42 U.S.C.S. § 1983 (2017). The Court approved Plaintiff's application to proceed *in forma pauperis*. *See* 28 *id.* § 1915.

       The Amended Complaint's allegations are leveled at Defendants State of Utah, Utah Department of Corrections (UDOC), and this Court. To summarize, Plaintiff accuses Defendants of somehow co-opting his name, which he considers to be his property. Further, he alleges that the government, at whatever level, may not breach his very own "sovereign" rights as an individual, The Court has screened Plaintiff's Amended Complaint under §§ 1915(e)(2) and 1915A and now dismisses it for being frivolous and failing to state a claim upon which relief may be granted. *See id.* §§ 1915(e)(2)(B) & 1915A.

       Section 1915 grants this Court the power to "'pierce the veil of the complaint's factual allegations.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Although Plaintiff's allegations must be viewed in his favor, "a court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category

encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33 (citations omitted). Accordingly, a determination of factual frivolousness is proper "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Plaintiff's assertions here fit these definitions of factual frivolousness. The fantastic claims in Plaintiff's complaint about his name being a form of property that may not be used by defendant government agencies and having his own sovereignty are patently unbelievable and irrational. The claims here must therefore be dismissed as factually frivolous. *See* 28 U.S.C.S. § 1915(e)(2)(B)(i) (2017).

Further, the State of Utah has immunity against federal civil-rights claims.[1] This extends to UDOC as a state subdivision. And, this Court may not be sued under § 1983, as it is not a state actor.[2]

---

[1] Regarding claims that have been made against the State, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress.

[2] The statute reads:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C.S. § 1983 (2017).

**IT IS HEREBY ORDERED** that Plaintiff's § 1983 action is **DISMISSED** under §§ 1915(e)(2)(B) and 1915A because his claims are either frivolous or fail to state a claim upon which relief may be granted. *See* 28 id. §§ 1915(e)(2)(B) & 1915A. This case is **CLOSED**.

DATED this 20th day of November, 2017.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge